UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>RON BARNES,<br><br>    Respondent. | No. 2:13-cv-0883 JAM AC P<br><br>FINDINGS AND RECOMMENDATION |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court is respondent's motion to dismiss, ECF No. 11, as well as petitioner's opposition, ECF No. 20. For the reasons discussed below, the undersigned recommends that petitioner's motion to dismiss be granted.

I.     Procedural History

    In his application for federal habeas corpus relief, petitioner challenges a March 14, 2012 prison disciplinary hearing for possession of alcohol while an inmate at High Desert State Prison. ECF No. 1 at 1. He alleges that his right to due process was violated because he was denied his right to call a witness at the administrative hearing. ECF No. 1 at 4. Petitioner was found guilty and assessed a 91 day loss of credit for a Division C offense and a 90 day loss of canteen access due to his misuse of state food items.

////

II. <u>Motion to Dismiss</u>

Respondent filed a motion to dismiss petitioner's habeas corpus application based on lack of jurisdiction because "invalidating the disciplinary finding will not necessarily accelerate petitioner's release from prison." ECF No. 11 at 2. Since petitioner is serving an indeterminate life sentence with the possibility of parole, the loss of credits only affects his minimum eligible parole date and not the calculation of his actual release date. <u>Id.</u> at 3. In the instant case, petitioner's minimum eligible parole date occurred in 2006, long before the challenged 2012 disciplinary hearing. Therefore, respondent posits that habeas jurisdiction does not lie because the loss of credit will not hasten petitioner's release from custody. <u>Id.</u> at 4.

To the extent that the Board of Prison Terms reviews petitioner's disciplinary record in determining his suitability for parole, respondent contends that the possibility that the 2012 disciplinary hearing will result in the denial of parole is too remote and speculative to "bring Harris's claim within the core of habeas corpus." ECF No. 11 at 4.

III. <u>Petitioner's Opposition to Motion to Dismiss</u>

On January 23, 2014, petitioner filed a general opposition to the motion to dismiss arguing that he "would achieve a reduced incarceration as an invariable consequence of an award of federal relief that restores the disciplinary credit loss/expunges the rules infraction culpability finding that prevents it from being cogitated by parole authorities at a future parole suitability hearing." ECF No. 20 at 1.

IV. <u>Underlying Criminal Conviction</u>

In order to determine whether petitioner's challenge is cognizable in a federal habeas proceeding, it is necessary to understand petitioner's underlying criminal conviction and sentence. In 1990, petitioner was sentenced to an indeterminate term of twenty-six years to life for first degree murder. ECF No. 11-1 at 2. He also received a concurrent sentence of fifteen years to life for second degree murder. <u>Id.</u>

As calculated by the California Department of Corrections and Rehabilitation, petitioner's minimum eligible parole date ("MEPD") was fixed at March 10, 2006. ECF No. 11-3 at 2. As a result, his initial parole hearing was held on October 6, 2005 at which the Board of Parole

Hearings ("BPH") denied him parole for a period of five years. ECF No. 11-2 at 3. Petitioner stipulated to a seven year parole denial on September 23, 2010. ECF No. 11-2 at 2. The disciplinary hearing which petitioner now challenges occurred in 2012. His next parole suitability hearing is not scheduled until on or about September 23, 2017. ECF No. 11-2 at 2.

V.        Analysis

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. Edwards v. Balisok, 520 U.S. 641, 644 (1997). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028–29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole). In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit concluded that "habeas jurisdiction is absent... where a successful challenge to a prison condition will not necessarily shorten [a] prisoner's sentence." Id. at 859.[1]

In Docken v. Chase, the Ninth Circuit clarified Bostic's definition of the word "likely" in this context. 393 F.3d at 1031. Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of

---

[1] This case also held that "the favorable termination rule does not apply to [42 U.S.C.] § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of the prisoner's confinement. Where the prison's alleged constitutional error does not increase the prisoner's total period of confinement, a successful § 1983 action would not necessarily result in an earlier release from incarceration, and hence, does not intrude upon the "heart" of habeas jurisdiction. In such cases, the favorable termination rule of Heck [v. Humphrey, 512 U.S. 477 (1994)] and Edwards [v. Balisok, 520 U.S. 641 (1997)] does not apply." However, in the present case, petitioner has failed to allege any claim that would be cognizable in a 42 U.S.C. § 1983 action because petitioner did not suffer any "atypical and significant hardship" as a result of the challenged disciplinary proceeding. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified by the Preiser Court." Docken, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487–88, 498. The Ninth Circuit has concluded that a "sufficient nexus," and therefore habeas jurisdiction, exists where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that ... could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis in original). "The likelihood of the effect on the overall length of the prisoner's sentence ... determines the availability of habeas corpus." Id. at 1028 (quoting Ramirez, 334 F.3d at 858).

For California prisoners serving a maximum term of life with the possibility of parole, good conduct credits are relevant to the determination of the prisoner's minimum eligible parole date. See Cal. Code Regs., tit. 15, § 2400 ("The amount of good conduct credit that a prisoner sentenced for first or second degree murder may earn to reduce the minimum eligible parole date is established by statute .... The department will determine the minimum eligible parole date. The length of time a prisoner must serve prior to actual release on parole is determined by the board."); Alley v. Carey, 2010 U.S.App. LEXIS 23068, 2010 WL 4386827, at *1 (9th Cir. Nov.5, 2010) (unpublished) (good time credit affects minimum eligible parole date) (may be cited pursuant to Rule 36–3 of the Ninth Circuit Rules). When a prisoner reaches his minimum eligible parole date, good conduct credits are not awarded unless and until the Board grants parole. See Cal. Code. Regs., tit. 15, §§ 2403, 2410, 2411; Garnica v. Hartley, 2010 U.S. Dist. LEXIS 88776, 2010 WL 3069309, at *2 (E.D. Cal. Aug.4, 2010) ("Good conduct credits are not awarded until parole is actually granted by the parole board."); Wilder v. Dickinson, 2011 U.S. Dist. LEXIS 30772 at *15 (C.D. Cal. Feb. 10, 2011).

In Wilson v. Terhune, 319 F.3d 477, 481–83 (9th Cir. 2003), the Ninth Circuit held that a parole denial is 'separate and distinct' from the disciplinary violation process. In Wilson, the petitioner argued that a disciplinary violation (based on an escape attempt) would adversely affect his future parole prospects. 319 F.3d at 482. The Ninth Circuit concluded that a disciplinary

4

violation does not create a presumption of collateral consequence. Furthermore, "the decision to grant parole is discretionary" and the violation would be only one factor among many considered by the Board. Id.

Likewise, in Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court found that the relationship between a disciplinary loss of credit and the denial of a future parole date was too remote and speculative to confer habeas jurisdiction. "The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protections at his parole hearing in order to explain the circumstances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Sandin, 515 U.S. at 487 (citations omitted).

In the present case, the record establishes that petitioner had already reached his minimum eligible parole date by the time he incurred the 91 day loss of credit. So, the only possible way in which the disciplinary proceeding could affect the duration of his confinement is at a future parole suitability hearing. Petitioner's disciplinary infraction will be one of numerous factors considered by the parole board, not the least of which is the fact that he is serving a sentence for not one murder, but two. See Cal. Code Regs. tit. 15, § 2402 (listing circumstances tending to show unsuitability as well as suitability for parole). In this context, the instant disciplinary infraction for possession of alcohol is not likely to have an effect on the overall length of petitioner's sentence. See Ramirez, 334 F.3d at 858.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 11, be granted; and,

2. Petitioner's application for federal habeas corpus relief, ECF No. 1, be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Due to the exigencies of the

court's calendar, there will be NO EXTENSIONS OF TIME GRANTED in which to file objections. Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE